FILED
CLERK, U.S. DISTRICT COURT

JUN 17 2010

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

1

2

3

4

5

6       UNITED STATES DISTRICT COURT

7       CENTRAL DISTRICT OF CALIFORNIA

8       WESTERN DIVISION

9

10  CLARENCE ROBERTS,                    )    No. EDCV 10-873 AHM (FFM)
                                         )
11                    Petitioner,        )    ORDER RE SUMMARY
           vs.                           )    DISMISSAL OF ACTION WITHOUT
12                                       )    PREJUDICE
                                         )
13  MIKE MCDONALD,                       )
                                         )
14                    Respondent.        )
                                         )
15  _____    )

16       On or about June 11, 2010, petitioner filed a Petition for Writ of Habeas

17  Corpus by a Person in State Custody ("Petition") herein.  The Petition challenges

18  a 2007 sentence imposed without his presence.  Petitioner purports to state two

19  grounds for relief: (1) sentencing petitioner in his absence violated his rights

20  under the Sixth and Fourteenth Amendments; and (2) petitioner was denied

21  effective assistance of counsel at his sentencing because (a) he was prevented

22  from retaining private counsel; and (b) appointed counsel's performance was

23  inadequate because he improperly purported to waive petitioner's right to be

24  present at the sentencing without notifying petitioner and he failed to introduce

25  relevant evidence at the sentencing.

26       Petitioner alleges that he has a petition for writ of habeas corpus currently

27  pending before the California Supreme Court. (Petition at 4.)  In a separately

28  filed document, petitioner seeks a stay of this action while he pursues the state

1   habeas petition. (*See* Petitioner's Motion to Hold Federal Habeas Petition in

2   Abeyance.) In addition, petitioner alleges that he has not exhausted any of the

3   claims asserted in his federal petition. (*See id.* at 4.)

4       As a matter of comity, a federal court will not entertain a habeas corpus

5   petition unless the petitioner has exhausted the available state judicial remedies

6   on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22,

7   102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly

8   provides that a habeas petition brought by a person in state custody "shall not be

9   granted unless it appears that -- (A) the applicant has exhausted the remedies

10  available in the courts of the State; or (B)(I) there is an absence of available State

11  corrective process; or (ii) circumstances exist that render such process ineffective

12  to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the

13  exhaustion requirement is to be waived, it must be waived expressly by the State,

14  through counsel. *See* 28 U.S.C. § 2254(b)(3).

15      Exhaustion requires that the prisoner's contentions be fairly presented to the

16  state courts, and be disposed of on the merits by the highest court of the state.

17  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been

18  fairly presented unless the prisoner has described in the state court proceedings

19  both the operative facts and the federal legal theory on which his claim is based.

20  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865

21  (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

22  (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may

23  raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that

24  ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);

25  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also*

26  *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119

27  (1987).

28  / / /

1   Moreover, because petitioner alleged that he currently has a petition for
2   review pending in the California Supreme Court, the exhaustion issue here also
3   raises the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716
4   F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the
5   ground that he had been denied his right to appointed counsel and free transcripts.
6   Although the petitioner's state appeal from his conviction still was pending, the
7   petitioner arguably had exhausted his state remedies with respect to the particular
8   claim being raised in his federal habeas petition. The Ninth Circuit held that the
9   federal habeas petition nevertheless had to be dismissed for failure to exhaust
10  state remedies:

11      "[E]ven were Sherwood to have exhausted all his state remedies with
12      respect to the denial of his appointed counsel and free transcript
13      request, that would not be enough to satisfy the requirements of 28
14      U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of
15      a state criminal conviction is pending, a would-be habeas corpus
16      petitioner must await the outcome of his appeal before his state
17      remedies are exhausted, even where the issue to be challenged in the
18      writ of habeas corpus has been finally settled in the state courts.

19          "As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747
20      (9th Cir. 1969), even if the federal constitutional question raised by
21      the habeas corpus petitioner cannot be resolved in a pending state
22      appeal, that appeal may result in the reversal of the petitioner's
23      conviction on some other ground, thereby mooting the federal
24      question."

25  *Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

26      Other courts in this Circuit also have applied the *Sherwood* dismissal rule
27  where the petitioner had a state habeas petition pending. *See, e.g., Lockhart v.*
28  *Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL

1    906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL

2    3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1

3    (N.D. Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007).

4       Petitioner has the burden of demonstrating that he has exhausted available

5    state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).

6    Here, it plainly appears from the face of the Petition and the Motion to Hold

7    Federal Habeas Petition in Abeyance that petitioner cannot meet this burden with

8    respect to any of the claims being alleged by him.

9       If indeed it were clear that the California Supreme Court would hold that

10   petitioner's unexhausted federal constitutional claims were procedurally barred

11   under state law, then the exhaustion requirement would be satisfied.[1] *See Castille*

12   *v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989);

13   *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F.2d 1308, 1312

14   (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court

15   will hold that petitioner's federal constitutional claims are procedurally barred

16   under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting

17   habeas relief where petitioner claimed sentencing error, even though the alleged

18   sentencing error could have been raised on direct appeal); *People v. Sorensen*,

19   111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental

20   constitutional rights have been violated may be raised by state habeas petition).

21   The Court therefore concludes that this is not an appropriate case for invocation

22   of either the absence of available state corrective process exception or the

23

---

24   [1] In that event, although the exhaustion impediment to consideration of
25   petitioner's claim on the merits would be removed, federal habeas review of the
    claim would still be barred unless petitioner could demonstrate "cause" for the
26   default and "actual prejudice" as a result of the alleged violation of federal law, or
27   demonstrate that failure to consider the claim would result in a "fundamental
    miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
28   2546, 115 L. Ed. 2d 640 (1991).

1   existence of circumstances that such process is ineffective exception to the

2   requirement that a petitioner's federal claims must first be fairly presented to and

3   disposed of on the merits by the state's highest court.

4       Petitioner has requested that this Court stay the instant Petition while he

5   pursues exhaustion. However, here the Petition is wholly unexhausted. A wholly

6   unexhausted petition cannot be stayed pending exhaustion but must be dismissed

7   without prejudice.[2] *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.

8   Ct. 2546, 115 L. Ed. 2d 640 (1991) ("[t]his Court has long held that a state

9   prisoner's federal habeas petition should be dismissed if the prisoner has not

10   exhausted available state remedies as to any of his federal claims"); *see also*

11   *Valerio v. Crawford,* 306 F.3d 742, 770 (9th Cir. 2002) (*en banc*); *Jiminez v.*

12   *Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (once respondent moved to dismiss,

13   district court was obliged to dismiss action, as petition contained no exhausted

14   claims).

15

16

17

18

19

---

20   [2] The Ninth Circuit has reaffirmed this holding, post-*Rhines*, in *Raspberry v.*

21   *Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006):

> We decline to extend [the stay and abeyance] rule [of *Rhines*] to the
> situation where the original habeas petition contained only
> unexhausted claims, but the record shows that there were exhausted
> claims that could have been included. Such an extension would result
> in a heavy burden on the district court to determine whether a
> petitioner who files a petition that on its face is unexhausted may
> have other exhausted claims that could have been raised. Once a
> district court determines that a habeas petition contains only
> unexhausted claims, it need not inquire further as to the petitioner's
> intentions. Instead, it may simply dismiss the habeas petition for
> failure to exhaust.

1    IT THEREFORE IS ORDERED that this action be summarily dismissed

2  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

3  in the United States District Courts.

4    LET JUDGEMENT BE ENTERED ACCORDINGLY.

5

6  Dated:    6/17/10

7

8

9                                              A. HOWARD MATZ
                                         United States District Judge
10

11  Presented by:

12

13    /S/ FREDERICK F. MUMM
      FREDERICK F. MUMM
14    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28